IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | )   Case No.: 1:24-cv-00181-RDA-WBP |
| | ) |
| JOHN M. BURKMAN JR. | ) |
|    (AKA JACK BURKMAN), | ) |
| | ) |
| JACOB WOHL, and | ) |
| | ) |
| JM BURKMAN & ASSOCIATES, LLC, | ) |
| | ) |
|    Defendants. | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM OR FOR ALTERNATIVE RELIEF AND FOR ISSUANCE OF A PROTECTIVE ORDER**

Plaintiff, John Doe, through undersigned counsel, respectfully submits this Memorandum in Support of his Motion to Proceed Under a Pseudonym or for Alternative Relief, and for Issuance of a Protective Order. As is explained in the accompanying Memorandum in Support, for the reasons explained below, Plaintiff respectfully submits that this Motion should be granted, because disclosure of his identity in relation to the allegations contained in the Complaint – to include the words used by Defendants while defaming him through a YouTube video – would be extremely prejudicial and cause additional, irreparable harm to him.

**FACTUAL BACKGROUND**

On and after February 16, 2022, Plaintiffs' safety, life, and reputation were destroyed – by Defendants Wohl and Burkman (whose efforts were funded by Defendant J.M. Burkman & Associates, LLC). As explained in the Complaint, at and after that date, Defendants published a

1

video in which they falsely and maliciously declared that Plaintiff was a "pedophile" and "predator." Those allegations were completely false. They also reflected a continued course of wrongful and, in certain instances, criminal conduct by Defendants which violated 18 U.S.C. § 1962 (c) – (d), as part of their enterprise: "Project 1599."

## ARGUMENT

Plaintiff does not lightly request to proceed anonymously and acknowledges the reasoning stated by various courts that such relief is exceptional in nature. We are very mindful of the importance of the public's right to know the identities of the parties in a lawsuit. *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). However, such "operates only as a presumption and not as an absolute, unreviewable license to deny [a request to proceed anonymously]." *James*, 6 F.3d at 238. In *James*, the Fourth Circuit further explained: "The rule rather is that under appropriate circumstances anonymity may, as a matter of discretion, be permitted. This simply recognizes that privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed this rare dispensation. A necessary corollary is that there is a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted." *Id*.

This Court has discretion to address the "privacy or confidentiality concerns" presented by a given case, and it is well recognized that in certain cases, such concerns may outweigh the presumed right of the public to know the identity of a party. *Id*. The Fourth Circuit has explained that the following factors should be considered when determining whether to permit a party to proceed anonymously:

> 1. Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;

2. Whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;

3. The ages of the persons whose privacy interests are sought to be protected;

4. Whether the action is against a governmental or private party; and

5. The risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. *Id.*

While these factors should guide the Court's consideration, they are not "exhaustive" and in certain instances, "the particular facts of a case may suggest the relevance of additional factors." *Doe v. Pittsylvania County*, 844 F. Supp. 2d 724, 728-729 (W.D. Va. 2012) (citing to and quoting from *Doe 1 v. Merten*, 219 F.R.D. 387, 392 (E.D. Va. 2004). This Court must "carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (internal citations for this quotation omitted).

Based upon the facts of this case, Plaintiff respectfully submits that these factors heavily weigh in favor of permitting him to proceed in this case by using the pseudonym "John Doe."

**1. Revealing Plaintiff's identity in relation to the allegations and issues in this case, to wit: the false labeling of Plaintiff as a "pedophile" and as a "predator" by Defendants in their defamatory YouTube video, will cause Plaintiff to suffer further, severe damage and irreparable harm.**

As set forth in the Complaint, on and after February 16, 2022, Defendants falsely published the worst possible allegations that can be made against another person, when they falsely labeled him as a pedophile and as a predator. As a result of their false and defamatory statements against him, as well as their other tortious, wrongful conduct, Plaintiff a.) was forced to move out of his apartment in 2022; b.) lost his job; c.) lost a paid internship with Johns Hopkins University; d.) received death threats; e.) suffered severe emotional trauma; and f.) ultimately had to declare bankruptcy.

3

The level of damage and harm that Plaintiff has suffered has been devastating. While a permanent protective order was issued by the Arlington (VA) General District Court in July 2022, which required Defendants to remove the video and any postings they had made about Plaintiff online, it is due to expire on July 6, 2024. Consequently, if Plaintiff's identity is revealed in relation to the allegations in this case, it is highly likely that he will again suffer severe damage, threats to his safety, and be irreparably harmed, due to the devastating stigma that these terms carry within society. Plaintiff's last name is very unique and for this additional reason, we submit that any publicity which reveals his identity in relation to the allegations and issues in this case would very quickly spread in direct association with the Plaintiff.

It is also highly likely that unless this Court orders Defendants not to do so, they will immediately begin to publicize Plaintiff's identity and continue their course of wrongful conduct towards him through the media. Defendants' statements on video to this effect (which are detailed below), where they directly threatened Plaintiff and mocked any attempt by him to seek legal relief, demonstrates their intent to cause ongoing harm to Plaintiff by generating publicity over what occurred. Their documented criminal conduct, as well as their other numerous instances of tortious and wrongful conduct over the years, further demonstrates that no claim, however false and damaging in nature, is too outrageous for them to make in attempting to generate publicity. Moreover, at the apartment in question on August 29, 2021, Plaintiffs' security personnel had one or more weapons, which added to the intimidation that Plaintiff felt (and continues to feel) and which further demonstrates the threatening, intimidating nature of the statements that they made about (and to) him through the video in question.

By way of further example, in or about October 2019, Defendants held a press conference on the steps of Defendant Burkman's home in Arlington, Virginia, at which a female (whom they paid) made false accusations that she had had a sexual relationship with Senator Ted Cruz. The video of this purported press conference remains available online at this web address: Jacob Wohl, Jack Burkman, Milo Hold Presser on Ted Cruz, Nancy Pelosi – YouTube (https://www.youtube.com/watch?v=qtCUwtINZlg).

This incident demonstrates one method that Defendants have used to generate publicity using false allegations (in addition to the video that Defendants published on YouTube and other social media platforms about Plaintiff). Unlike Senator Cruz, Plaintiff is not a public figure and he is not protected by the privileges afforded to a sitting United States Senator.

Defendants' intention to harm Plaintiff – even in the face of litigation – is clear, based upon their own words. In their defamatory video featuring Plaintiff that they posted on YouTube, Defendants stated in part:

Defendant Burkman:

- "You tried to intimidate us with **litigation, with cease and desist**s and all the rest so we would stop"
- "**We will never stop** in pursuit of the truth [name of Plaintiff] and the truth is that **you are a pedophile and you are a danger to society**"

Defendant Wohl:

- "[name of Plaintiff] **you can threaten to sue** and you can even scream **but you're not going to stop us** from exposing predators just like you"

If Defendants hold a purported "press conference" in relation to Plaintiff – or otherwise publicize his identity in relation to the allegations and issues in this case (such as they did through their

5

YouTube video featuring Plaintiff) - it will cause him to suffer additional severe and irreparable harm. As a result, we respectfully submit that this factor weighs heavily in favor of granting the requested relief.

**2. Revealing Plaintiff's identity through this case will pose a significant risk of mental harm to Plaintiff as well as significant harm to his spouse and minor child.**

As referenced in the Complaint, since Defendants engaged in their tortious and other wrongful conduct, including the use of firearms, Plaintiff suffered severe emotional trauma. In support of this Motion, we are submitting a letter from Plaintiff's treating therapist in which she addresses this issue and also explains her opinion that revealing Plaintiff's identify in relation to this case will cause Plaintiff to again suffer severe emotional damage.[1]

Since the underlying events at issue in this case occurred, Plaintiff was able to get married, and he continues in that relationship. His spouse is an innocent party in all of this. Moreover, Plaintiff was previously married and has a young child (who is in elementary school) who carries his last name. As alleged in the Complaint, Defendants Wohl and/or Burkman attempted to contact Plaintiff's ex-wife after the incident of August 29, 2021, to cause further damage to Plaintiff and terrorize his family.

Because of the severe stigma that the key defamatory words at issue carry within our society, we respectfully submit that revealing Plaintiff's identity in relation to this case will very likely cause harm not only to Plaintiff, but also to his spouse and her own reputation, which should not occur, as well as to his minor child

**3. The age of Plaintiff as a factor.**

Plaintiff is in his late thirties. We are mindful that this type of motion is most often granted when the identity of a minor is at issue through a lawsuit. With that said, Plaintiff is still

---

[1] We will promptly submit the referenced letter with a Motion that such be filed under seal, pursuant to Local Rule 5.

6

young in terms of the length of his career and his need to work.  Following the publication of the false and defamatory statements by Defendants, and also due to their other tortious and wrongful conduct, Plaintiff lost his job as an attorney in New York.  Thereafter, Plaintiff experienced a significant period of unemployment because he could not find work as an attorney, due to the damage caused to his reputation and the risk that a new employer would find out the false statements made against Plaintiff.  This caused significant financial damage to Plaintiff, and caused him to have to declare bankruptcy.

Plaintiff has, within the past seven months, been able to find employment, and he is currently working as a junior lawyer at a small law firm.  Plaintiff needs to continue to work as an attorney, and revealing his identity in relation to the allegations in this case will very likely further damage his continued ability to do so. It would also cause harm to the legal interests of his clients whom he represents.

**4. Whether the action is against a governmental or private party.**

Defendants are private parties who have engaged in criminal conduct.  While courts have considered this as a factor in certain cases in relation to this type of motion, we respectfully submit that such does not weigh in favor of the Defendants in this case.

**5. The risk of unfairness to the opposing parties from allowing an action against them to proceed anonymously.**

We respectfully submit that the course of criminal and tortious and malicious conduct undertaken by Defendants, over the course of several years, through the media – whether traditional or through various online platforms – demonstrates that there is no risk of prejudice to them in permitting Plaintiff to proceed in the manner requested. Defendants Wohl and Burkman are convicted felons.  They have repeatedly engaged in criminal and other tortious conduct in a public manner, for the very purpose of generating publicity and support for their ongoing

enterprise (Project 1599). As alleged in the Complaint, the purpose of Project 1599 – according to Defendant Wohl – was to "make shit up" and to use such to influence the media and generate additional publicity and support in order to continue to do so. Against this backdrop, Plaintiff respectfully submits that Defendants will not suffer any prejudice if Plaintiff is permitted to proceed in the manner requested.

## REQUEST FOR ALTERNATIVE RELIEF

If the Court concludes that permitting Plaintiff to proceed in a fully anonymous manner under the pseudonym John Doe is not warranted, then in the alternative, Plaintiff requests that he be permitted to proceed using only the first initials of his first and last name in reference to his identity. While Plaintiff is very concerned that such approach would make it more likely that his identity will be publicized in relation to the allegations in this case, thereby jeopardizing his safety once again, we respectfully submit that proceeding in this manner would provide Plaintiff with additional, important protections that are greatly needed in this case.

## CONCLUSION

Based upon the foregoing reasons, Plaintiff respectfully requests that this Motion be granted and that he be permitted to proceed and be identified under the pseudonym John Doe (and otherwise only be identified in relation to this case by such name) or in the alternative, that he be permitted to proceed and be identified only by the first initials of his first and last name. Plaintiff also requests that the Court grant any other relief which it deems fair and just.

A proposed Order is attached for the Court's consideration.

Respectfully Submitted,

/s/ *John B. Flood*

_____
John B. Flood, Of Counsel (VSB No. 79813)
BERLIKLAW, LLC
1818 Library Street, Suite 500
Reston, Virginia  20190
Tel: (703) 722-0588
JFlood@berliklaw.com
*Counsel for Plaintiff*