IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-00181 (RDA/WBP) |
| ) | |
| JOHN M. BURKMAN JR. (AKA JACK ) | |
| BURMAN), AND JM BURKMAN & ) | |
| ASSOCIATES, LLC, ) | |
| ) | |
| Defendants. ) | |

## AMENDED ORDER[1]

This matter comes before the Court on Plaintiff John Doe's Motion for Leave to Proceed Under a Pseudonym ("Motion") (Dkt. 2). This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Having considered the Motion, Plaintiff's Memorandum in Support (Dkt. 3), Defendants' Opposition (Dkt. 17), and Plaintiff's Reply (Dkt. 22), this Court GRANTS the Motion (Dkt. 2) for the reasons that follow.

Plaintiff alleges that Defendants "caused injury to Plaintiff in his reputation, and in his occupation and profession as a lawyer, as well as his status as a former military officer" by publishing a YouTube video in which they falsely accused him of being a pedophile "that intended to prey upon a 16 year old girl." Dkt. 1 ¶¶ 42, 55. Plaintiff claims that Defendants lured him to a private residence to meet with a woman who had represented to Plaintiff that she was 36 years old, filmed his arrival, and accused him (on camera) "of coming to the residence, intending to have sex

---

[1] The Court amends its August 14, 2024 Order (Dkt. 27) to address Defendants' Opposition (Dkt. 17) to Plaintiffs Motion.

with an underage teen." *Id.* ¶¶ 24-28. As a result of the video's publication, Plaintiff claims that he lost his apartment, his job with an immigration firm, an internship with Johns Hopkins University, received threats, and had to file for bankruptcy. *Id.* ¶¶ 106, 119, 121.

A civil complaint typically must disclose the identities of the parties involved. *See* Fed. R. Civ. P. 10(a). The Fourth Circuit, however, has recognized that "in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including the use of a pseudonym." *Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014). When determining whether a plaintiff may proceed pseudonymously, courts consider the following factors:

> Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). The Court will address each factor in turn.

As to the first factor, Defendants assert that Plaintiff is attempting to avoid the annoyance and criticism that may accompany any litigation because there is no extraordinary privacy concern. Dkt. 17 at 3-4. However, the nature of the claims here – that Defendants allegedly "entrap[ed]" Plaintiff by luring him to meet a 36-year-old woman, falsely accused Plaintiff of being a pedophile "that intended to prey upon a 16 year old girl" and published a YouTube video about the incident that displayed his "face, first name, occupation, and location" – are highly sensitive and of a personal nature. Dkt. 1 ¶¶ 24-33, 42. The "significant social stigma" associated with being publicly and falsely branded as a pedophile and predator that attempted to meet with a minor warrants an additional level of privacy. *Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593-94 (E.D. Va. 2016) (explaining that "what justifies the use of pseudonyms here

2

is plaintiff's status as an accused perpetrator of sexual misconduct – a rapist"; plaintiff "should not have his name forever associated in the public mind with an accusation that carries a significant social stigma"). Thus, the Court finds that this factor favors use of a pseudonym.

Additionally, identification of Plaintiff poses a significant risk of retaliatory physical or mental harm, particularly given the media attention surrounding the case. First, while Defendants correctly note that courts generally deny pseudonymity requests based on speculative and unsubstantiated claims of reputational or financial harm, Dkt. 17 at 3-4, Plaintiff's claims are substantiated here.[2] The consequences that Plaintiff has allegedly already suffered are indicative of the potential harm he may face in proceeding in this case under his actual identity. *See* Dkt. 1 ¶¶ 48-51, 106, 119, 121. Plaintiff claims that "[a]s a result of [Defendants'] false and defamatory statements against him, as well as their other tortious, wrongful conduct, Plaintiff a.) was forced to move out of his apartment in 2022; b.) lost his job; c.) lost a paid internship with Johns Hopkins University; d.) received death threats; e.) suffered severe emotional trauma; and f.) ultimately had to declare bankruptcy." Dkt. 3 at 3; *see also* Dkt. 1 ¶ 51 (alleging that Plaintiff was "let go of his current job at an immigration law firm" because "[i]t was not safe to return due to threats relating to the post"). Because Plaintiff has previously experienced these harms, it is likely that Plaintiff could face similar consequences in relation to his new job at a small law firm. *Id.* at 7. Even if reputational or financial harm are insufficient to justify pseudonymity, the threats to Plaintiff's

---

[2] Defendants cite to *Doe v. Pub. Citizen*, 749 F.3d 246, 270 (4th Cir. 2014), to support the argument that unsubstantiated claims of reputational or financial harm are insufficient to restrict public access here. The Fourth Circuit explained that it was "unclear . . . what, if any, evidence the district court relied upon to conclude that dissemination of the [sealed documents] would injure Company Doe's reputational and pecuniary interests." *Id.* Here, Plaintiff has specifically alleged that he previously suffered various harms, including reputational and financial harm, due to Defendants' publication of his identity in the YouTube video. *See* Dkt. 1 ¶¶ 48-51, 106, 119, 121; *see also* Dkt. 3 at 3. Such allegations are sufficient to establish that he is likely to experience similar harms in the future due to the media exposure surrounding this case if he were compelled to reveal his identity here.

3

person and the severe emotional distress he faces due to being labeled a pedophile are enough to warrant protection.³ *See Doe v. Kuhn*, No. 7:23-CV-209, 2023 WL 4687209, at *2 (W.D. Va. Jul. 20, 2023) ("Cases allowing anonymity to protect mental health . . . often involve allegations of sexual misconduct"). The need for protection is especially compelling where, as here, media exposure exacerbates these risks. *See Doe v. Alger*, 317 F.R.D. 37, 40 (W.D. Va. 2016) (finding risk of harm factor weighed in favor of anonymity where case "received fair amount of press," the public might have labeled the plaintiff a rapist, and "some persons [] would seek to inflict physical or mental harm on Doe if they learned of his real name"); *see also Doe v. Doe*, 85 F.4th 206, 212 (4th Cir. 2023) (describing "media exposure" as "aggravating factor" that could endanger a plaintiff). Defendants' media following heightens the danger to Plaintiff. The threats Plaintiff alleges that he received are directly tied to his previous exposure through Defendants' YouTube channel. *See* Dkt. 1 ¶¶ 51, 106; Dkt. 3 at 3. Defendants attempt to minimize this concern by suggesting that the physical and mental harm Plaintiff references is confined to the exposure surrounding the initial publication of the YouTube video. Dkt. 17 at 5. However, as Defendants themselves acknowledge, an article has already been published analyzing the details of Plaintiff's Complaint, demonstrating the danger Plaintiff continues to face given Defendants' sizeable following. Dkt. 17 at 6. If Plaintiff were to proceed in this matter under his actual identity, he would risk additional "harassment, injury, ridicule, or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980) (noting that "[w]here it is necessary . . . to protect a

---

³ In support of Plaintiff's Motion, Katina LaFond, a licensed clinical social worker who has been "providing therapeutic support to [Plaintiff] since August 2021," avers that Plaintiff has suffered "significant psychological trauma" as a direct result of Defendants' publication of the YouTube video and the subsequent fallout. Dkt. 18-1 at 1. She has diagnosed Plaintiff with Post-Traumatic Stress Disorder. *Id.*

4

person from harassment, injury, ridicule or personal embarrassment, courts have permitted the use of pseudonyms"). This factor therefore also favors use of a pseudonym.

The third and fourth factors weigh against the use of a pseudonym. Plaintiff is an adult and was an adult at the time that the defamatory statements were made. *See* Dkt. 1 ¶ 24. This case therefore poses no risk that the privacy rights of a person who is presently a child are in jeopardy. *See Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804, 809-10 (E.D. Va. 2012) ("Courts are often more willing to allow parties to proceed anonymously in order to protect the privacy rights of children." (quoting *Doe v. N.C. Cent. Univ.*, No. 1:98CV01095, 1999 WL 1939248, at *4 (M.D.N.C. Apr. 15, 1999) (internal quotations omitted)). Additionally, the Defendants in this matter are private parties and not government entities. *See Candidate*, 42 F. Supp. 3d at 810 (explaining that "[c]ourts are more likely to grant a plaintiff permission to anonymously bring suit against a governmental entity than a private entity").

Finally, Defendants assert that they would be disadvantaged by having to "defend themselves publicly while [P]laintiff [] make[s] [his] accusations from behind a cloak of anonymity." *Doe v. Court of Common Pleas of Butler Cty.*, No. CV 17-1304, 2017 WL 5069333, at *3 (W.D. Pa. Nov. 3, 2017); Dkt. 17 at 7. But Defendants fail to demonstrate how they would be prejudiced, given that they have known Plaintiff's identity from the outset of the case. They "cannot persuasively argue . . . that Plaintiff['s] use of pseudonym[ would] hinder[] the[ir] ability to mount a defense—as it might in a case in which the defendants do not know the plaintiffs' identities." *Doe v. Mast*, No. 3:22-CV-00049, 2024 WL 3850450, at *9 (W.D. Va. Aug. 16, 2024); *see also Rector*, 179 F. Supp. 3d at 594 (finding this factor did not weigh against allowing plaintiff to use a pseudonym when there was "no indication" defendants "faced any hardship in mounting an effective defense as a result"). Defendants contend that "it would be unfair to allow Plaintiff to use a pseudonym while opening Defendants up to reputational harm." Dkt. 17 at 7.

But, if Plaintiff's allegations are true, it is Plaintiff – not Defendants – who has been unfairly forced to defend his reputation publicly. Defendants allegedly thrust Plaintiff into the public sphere by publishing a video with false allegations, leaving him to endure the subsequent fallout, which included the loss of his job, his home, his privacy, and mental stability, among other harms. *See* Dkt. 1 ¶¶ 48-51, 106, 119, 121; *see also* Dkt. 18-1.[4]

Thus, given the nature of the claims and serious implications that follow from being publicly associated with being labeled a pedophile and predator, as well as the significant potential for further media exposure and the fact that Plaintiff has already endured harms from such exposure, the Court finds that the balance of factors strongly supports the use of a pseudonym. *See Rector*, 179 F. Supp. 3d at 593 ("what justifies the use of pseudonyms here is plaintiff's status as an accused perpetrator of sexual misconduct"); *see also Alger*, 317 F.R.D. at 40 (finding elevated risk of harm where there was "fair amount of press"). Allowing Plaintiff to proceed pseudonymously is the most appropriate remedy, as it is a tailored means of protecting Plaintiff's privacy interests without unduly restricting public access to litigation materials. *See Rector*, 179 F. Supp. 3d at 594.

Accordingly, for the foregoing reasons it is hereby ORDERED that Plaintiff's Motion for Leave to Proceed Under a Pseudonym, Dkt. 2, is GRANTED; and it is

---

[4] Defendants cite to *Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804, 810 (E.D. Va. 2012) to support the notion that allowing Plaintiff to proceed pseudonymously would "open the flood gates to frivolous lawsuits against Defendants by those who disagree with their politics." Dkt. 17 at 8. But the *Candidate* Court recognized that the defendant there was "an entity involved with setting standards and conferring credentials recognized throughout the entire finance and investment industry" and allowing the plaintiff to proceed anonymously "would invite meritless lawsuits from other [] candidates against whom the Institute has taken disciplinary action." *Id.* at 810. Here, Defendants were not setting standards and conferring credentials for an entire industry, nor were they taking disciplinary action against individuals in relation to such standards and credentials. Accordingly, this is not a case where damage to Defendants' reputation would negatively affect the integrity of the standards and credentials underlying an entire industry so as to result in lawsuits from those within that industry.

FURTHER ORDERED that Plaintiff is permitted to proceed under the pseudonym "John Doe" as this case proceeds; and it is

FURTHER ORDERED that Defendants' Motion for Reconsideration will be DISMISSED as MOOT.

The Clerk is directed to forward copies of this Order to all the parties of record.

It is SO ORDERED.

Alexandria, Virginia
September 4, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge